UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ROLAND THOMAS KOCH, | CASE NO. 1:17-cv-00346-LJO-MJS (PC) |
|---|---|
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| IAN YOUNG, | **(ECF No. 1)** |
| Defendant. | **AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. His complaint is before the Court for screening. (ECF No. 1.) He has declined Magistrate Judge jurisdiction. (ECF No. 6.) No other parties have appeared.

**I.   Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, at 677-78.

## III. Plaintiff's Allegations

Plaintiff is detained at Coalinga State Hospital ("CSH"). He names Unit Supervisor Ian Young, presumably a CSH employee, as the sole defendant.

Plaintiff's allegations may be summarized essentially as follows:

On February 28, 2017, Defendant Young used "illegal physical force" when he "twisted" Plaintiff's arms behind Plaintiff's back. Plaintiff claims that Defendant Young transported Plaintiff to a room Plaintiff "did not want to be in," and that Defendant is "a threat" to Plaintiff. Plaintiff states that he told Defendant to call officers if he believed Plaintiff was breaking any rule by sitting on the floor and reading a book. Plaintiff claims he spoke to Defendant in a "calm, cool, collected conversational voice/tone." Plaintiff makes no explicit mention of any physical injury in his complaint. Plaintiff also notes that a similar incident occurred between him and Defendant on July 26, 2014, but he provides no further details about that event.

Plaintiff seeks injunctive relief, asking the Court to "remove" Defendant Young from having "access" to Plaintiff. Plaintiff also asks the Court to arrest Defendant Young, claiming that "the officers and administration here cannot or will not restrain him."

## IV. Discussion

Plaintiff brings an excessive force claim and a request for injunctive relief before this Court. The Court dismisses the excessive force claim with leave to amend and denies without prejudice Plaintiff's request for injunctive relief.

### A. Excessive Force

Plaintiff does not specifically state his intent to bring an excessive force claim. He does, however, state that Defendant Young used "illegal physical force" against him.

The Fourteenth Amendment provides the standard for evaluating the constitutionally protected interests of individuals who have been involuntarily committed to a state facility. See Rivera v. Rogers, 224 Fed. Appx. 148, 150-51 (3d Cir. 2007); Youngberg v. Romeo, 457 U.S. 307, 312 (1982). Such individuals are "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Youngberg, 457 U.S. at 321-22. In determining whether the constitutional rights of an involuntarily committed individual have been violated, the Court must balance the individual's liberty interests against the relevant

state interests, with deference given to the judgment exercised by qualified professionals. Id. at 320-22.

The Fourteenth Amendment's Due Process clause protects Plaintiff from "the use of excessive force that amounts to punishment." Gibson v. Cty. of Washoe, Nev., 290 F.3d 1175, 1197 (9th Cir. 2002) (*overruled on other grounds by* Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1076 (9th Cir. 2016)); see also Bell v. Wolfish, 441 U.S. 520, 535 (1979) (noting that civilly committed persons may not be subjected to conditions amounting to punishment). Claims of excessive force by detainees are analyzed under the "objective reasonableness" standard, which requires an evaluation of whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting him, regardless of the officer's underlying intent or motive. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2472-73 (2015). In applying this standard, "a court must also account for the legitimate interests that stem from the government's need to manage the facility in which the individual is detained, appropriately deferring to policies and practices that in the judgment of [staff] are needed to preserve internal order and discipline and to maintain institutional security." Kingsley, 135 S. Ct. at 2473 (internal quotation marks and brackets omitted) (quoting Bell, 441 U.S. at 540). Courts may examine a variety of factors to determine whether the force used was objectively unreasonable, including but not limited to: the relationship between the need for the use of force and the amount of force used, the extent of the detainee's injury, the threat reasonably perceived by the officer, and whether the detainee was actively resisting. Kingsley, 135 S. Ct. at 2473.

"Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." Id.

Here, Plaintiff has not alleged sufficient facts to give rise to a cognizable claim. Although civil detainees are protected from the use of excessive force amounting to punishment, the facts as alleged here do not rise to such a level. Plaintiff alleges Defendant Young "twisted" Plaintiff's arms behind his back (presumably in an effort to move Plaintiff, against his will, from the floor where Plaintiff was reading a book). Without more, such facts do not sufficiently plead a cognizable excessive force claim under the Fourteenth Amendment. Plaintiff does not describe the events leading up to and surrounding the use of force. As a result, the Court cannot determine if Defendant Young's conduct may have been necessary to maintain discipline and security. Additionally, the allegations suggest that the amount of force was minimal, and Plaintiff does not allege any injury resulting from the incident.

Without more, Plaintiff's allegations are insufficient to state a claim on which relief may be granted. Plaintiff's claim will be dismissed with leave to amend.

**B. Preliminary Injunction**

Plaintiff asks the Court to provide injunctive relief and "remove" Defendant from having "access" to Plaintiff and to "arrest" Defendant. Although unclear from the complaint, the Court construes this as a request for preliminary injunctive relief.

Injunctive relief is an "extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20).

At this stage of the proceedings, Plaintiff is not entitled to preliminary injunctive relief. As discussed above, Plaintiff's excessive force claim fails to rise to a cognizable claim. Thus, Plaintiff has not shown that he is likely to succeed on the merits. Accordingly, Plaintiff's request for injunctive relief will be denied without prejudice.

**V.     Conclusion and Order**

Plaintiff's complaint fails to state a claim on which relief may be granted. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Thus, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "First Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for preliminary injunctive relief is denied without prejudice;
2. Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted;
3. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint, filed March 9, 2017;
4. Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and

5. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, the undersigned will recommend the action be dismissed, with prejudice, for failure to comply with a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: April 23, 2017 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE