UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND THOMAS KOCH,<br><br>    Plaintiff,<br><br>v.<br><br>IAN YOUNG,<br><br>    Defendant. | CASE NO. 1:17-cv-00346-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>**TO DISMISS CASE FOR FAILURE TO STATE A CLAIM**<br><br>**AND**<br><br>**TO DENY PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The Court dismissed Plaintiff's original complaint (ECF No. 1) for failure to state a claim, but gave leave to amend his excessive force claim. (ECF No. 8). Plaintiff was explicitly advised that although he had been granted the opportunity to amend his complaint, it was "not for the purposes of adding new claims." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). (Id.) Plaintiff's first amended complaint ("FAC") is before the Court for screening. (ECF No. 9.)

## I. Screening Requirement

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, at 677-78.

**III.    Plaintiff's Allegations**

Plaintiff is detained at Coalinga State Hospital ("CSH"). He names Unit Supervisor Ian Young as the sole Defendant. The allegations are summarized here essentially as they were in the undersigned's initial screening Order (ECF No. 8) and as follows:

Defendant Young is "a threat" to Plaintiff. On February 28, 2017, Defendant Young used "illegal physical force" when he "twisted" Plaintiff's arms behind Plaintiff's back and transported Plaintiff to a room Plaintiff "did not want to be in." Plaintiff was sitting on the floor reading a book and told Defendant in a "calm, cool, collected conversational voice/tone" to call officers if he believed Plaintiff was breaking any rule. A similar incident involving Defendant occurred on July 26, 2014 (but no details of this event are provided). Plaintiff's pleading does not describe any injury resulting from his contacts with Defendant.

Plaintiff's current allegations ramble and repeat and expand on the same facts as in his initial complaint. However, the Court's admonition against adding new claims notwithstanding, Plaintiff's narrative suggests an intent to broaden his claims to include unrelated challenges to the institution's procedures for housing assignments, property protection, stolen/confiscated property recovery, and record keeping. He also suggests he has in some vague manner been denied access to the courts and been retaliated against for exercising his First Amendment rights.

In his FAC, Plaintiff requests that the Court relocate him to less restrictive housing, that it assign him an investigator or attorney, and that Defendant Young be arrested or suspended. .

**IV.    Discussion**

As noted, Plaintiff has further expanded on his core complaint about Defendant Young using more force than necessary to move Plaintiff. He now includes a long list of grievances preceding and ensuing after that core event. This enlarged narrative may harmlessly provide more background about what Plaintiff was doing, why and where he was doing it, and why and how the response to his actions and complaints were

3

unproductive and disrespectful. But it could also be read as an attempt to bring in new and unrelated claims and parties. Plaintiff was warned that the opportunity to amend was "not for the purposes of adding new claims." (ECF No. 8.) The Court finds all purported claims extending beyond the excessive force claims in his initial complaint to be unrelated and will not addressed them here. If Plaintiff wishes to do so, he may raise present them in a separate action or actions.

### A. Excessive Force

Plaintiff brings a claim for excessive force in violation of the Fourteenth Amendment. He states that Defendant Young twisted his arms behind his back, pushed his face and chest, "with undue force," into a wall, and then pushed him "at" a bed. He may have done this twice.

The pleadings do not reflect the force was excessive. Plaintiff admits that he continually resisted Defendant Young's instructions in "protest" against Young and that the subject force was to gain Plaintiff's compliance with directives given to Plaintiff. Significantly, though given an opportunity to correct this deficiency, Plaintiff again fails to plead he suffered any injury as a result of Defendant Young's actions. The facts pled, then, reflect a lawful use of non-excessive force for the purpose of gaining compliance with directives Plaintiff disagreed with.

Plaintiff having failed to correct the deficiencies in his pleading despite being advised what was necessary to do so, no useful purpose would be served by giving him the same advice again and yet another opportunity to do that which he has twice failed to do. Leave to amend should therefore be denied.

### B. Preliminary Injunction

Plaintiff asks the Court to assign him an investigator, relocate him to less restrictive housing (or "RRU"), and either "arrest" or "suspend" Defendant Young. Although unclear from his FAC, the Court construes this as a request for preliminary injunctive relief.

Plaintiff is not entitled to preliminary injunctive relief. As discussed above, Plaintiff's excessive force claim fails to rise to a cognizable claim. Thus, Plaintiff has not shown that he is likely to succeed on the merits. Additionally, the Court does not have jurisdiction to order injunctive relief to direct parties not before the Court to take action. See Zepeda v. U.S. Immigration and Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.")

Accordingly, Plaintiff's request for injunctive relief should be denied with prejudice.

### C. Appointment of Counsel

With respect to Plaintiff's request for appointment of counsel, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). A court may request the voluntary assistance of counsel pursuant to § 1915(e)(1) in certain exceptional circumstances. Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court does not find the required exceptional circumstances here. Plaintiff's case is not exceptional, and this Court is faced with similar cases almost daily. As discussed above, Plaintiff has not demonstrated a likelihood of success on the merits, and even if his case were to proceed, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

Plaintiff's request for appointment of counsel should be denied.

## V. Conclusion and Recommendations

Plaintiff's FAC does not state a cognizable claim for relief. He previously was advised of pleading deficiencies and afforded the opportunity to correct them. He failed to do so. Any further leave to amend reasonably appears futile and should be denied.

The undersigned recommends that Plaintiff's requests for injunctive relief and appointment of counsel be denied, that the action be dismissed with prejudice, that dismissal count as a strike pursuant to 28 U.S.C. § 1915(g), and that the Clerk of the Court terminate any and all pending motions and close the case.

The Court's findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: August 25, 2017      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE